IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03093-BNB

ARLUS DANIEL, JR.,

    Applicant,

v.

DAVID ZUPAN, Warden,
TOM CLEMENTS, Executive Director, and
JOHN WILLIAM SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

    Applicant, Arlus Daniel, Jr., is a prisoner in the custody of the Colorado Department of Corrections,who currently is incarcerated at the correctional facility in Trinidad, Colorado.  Mr. Daniel, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.   He has paid the $5.00 filing fee.

    The Court must construe the Application liberally because Mr. Daniel is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Daniel will be ordered to file an Amended Application.

    The Court has reviewed the Application and finds that it is deficient.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing*

*v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The 178-page Application is verbose.  Over 58 pages of the Application include a narrative of events that took place both prior to and at the time of trial and a legal analysis of the claims that Mr. Daniel raised in state court.  Although Mr. Daniel titles the 58-page section "Exhaustion of Colorado Remedies," the narrative and the legal analysis is unnecessary.

Mr. Daniel's 104-page statement of claims is repetitive and does not comply with the requirements of Rule 8 that allegations be simple, concise, and direct.  Furthermore, Claim Four challenges the conditions of Mr. Daniel's confinement, which more properly is raised in action filed pursuant to 42 U.S.C. § 1983.

Although Mr. Daniel's Application fails to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file an Amended Application that alleges clearly in a short, concise, and direct format the claims he seeks to raise and the specific facts to support each asserted claim.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Daniel file an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254

that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this Order.  It is

FURTHER ORDERED that Mr. Daniel shall obtain the Court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Daniel fails to file an Amended Application as directed within the time allowed the action will be dismissed without further notice.

DATED December 7, 2011, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge