IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 11-cv-03093-BNB


ARLUS DANIEL, JR.,

      Applicant,

v.

TRAVIS TRANI, Warden, and
JOHN WILLIAM SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Arlus Daniel, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Skyline Correctional Center in Cañon City, Colorado.  Mr. Daniel, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  Mr. Daniel is challenging the validity of his conviction in Case No. 05CR384 in Larimer County District Court.

      On January 13, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.  On February 27, 2012, Respondents filed a Pre-Answer Response, Doc. No. 12.  Mr. Daniel filed a Reply, Doc. No.15, on April 9, 2012.

The Court must construe liberally the Application and Reply filed by Mr. Daniel because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the Application.

On November 16, 2007, Mr. Daniel was convicted by a jury on two counts of theft from an at-risk adult; one count of theft over $15,000; and one count of securities fraud in Case No. 05CR384 in Larimer County District Court, and was sentenced to eighteen years of incarceration in the DOC.  Application at 2 and Pre-Answer Resp. at 1-2.  His conviction was affirmed on direct appeal on December 10, 2009.  *People v. Daniel*, No. 08CA0330 (Colo. App. Dec. 10, 2009) (unpublished).  Mr. Daniel contends that he sought review of his direct appeal by filing a C.A.R. 21 motion in the Colorado Supreme Court (CSC) in October 2010, which was denied by the CSC in November 2010 without comment.  Application at 3.

Mr. Daniel also asserts that he filed a postconviction motion pursuant to Crim. R. Civ. P. 35(a) and (c) on June 11, 2011, that was denied in August 2011.  Mr. Daniel further asserts that he did not appeal the denial of the June 11 postconviction motion because he would have been procedurally barred from resubmitting an ineffective assistance of counsel claim to the Colorado Court of Appeals (CCA).  Mr. Daniel contends that the stay of appellate proceedings motion he filed *pro se* with the CCA in his direct appeal contained his ineffective assistance of counsel claim and that his C.A.R. 21 motion was his appeal of this claim and his due process claim to the CSC. *Id.*  Mr. Daniel further contends that the CCA and the CSC ignored the ineffective

assistance and due process claims and his only viable alternative is to seek habeas

relief in this Court.  Am. Application, Doc. No. 5, at 6.

Mr. Daniel filed the instant Application on November 28, 2011.  He raises three

claims, ineffective assistance of trial counsel, ineffective assistance of appellate

counsel, and a denial of due process by the CCA and the CSC during the direct appeal

process.  Am. Application at 7-14.

Respondents first assert that the instant action is barred by the one-year

limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant
> to the judgment of a State court.  The limitation period shall
> run from the latest of–
>
> > (A)  the date on which the judgment became
> > final by the conclusion of direct review or the
> > expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing
> > an application created by State action in
> > violation of the Constitution or laws of the
> > United States is removed, if the applicant was
> > prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right
> > asserted was initially recognized by the
> > Supreme Court, if the right has been newly
> > recognized by the Supreme Court and made
> > retroactively applicable to cases on collateral
> > review; or
> >
> > (D)  the date on which the factual predicate of
> > the claim or claims presented could have been
> > discovered through the exercise of due
> > diligence.
>
> (2)  The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be

> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

To apply the one-year limitation period, the Court first must determine the date Mr. Daniel's conviction became final.  The CCA denied Mr. Daniel's direct appeal on December 9, 2009.  Pre-Answer Resp., Doc. No. 12-3, App. B; Am. Application at 3. Mr. Daniel contends that prior and subsequent to the denial of the direct appeal he filed several *pro se* motions to stay the appellate proceedings, but when there was no response to the motions he filed a C.A.R. 21 motion in the CSC that was denied in November 2010.  Am. Application at 3.  Mr. Daniel contends the C.A.R. 21 motion exhausted the state court remedies in his direct appeal.  Based on Mr. Daniel's assertions, his conviction and sentence would not have been final until at the latest either the end of February or beginning of March 2011, when the time for seeking review in the United States Supreme Court expired.  *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) (citing *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

For the following reasons, the Court finds that, contrary to Mr. Daniel's assertions, his conviction was final on January 26, 2010, when the time expired to seek proper certiorari review of the CCA's denial of his appeal, and not subsequent to the disposition of the C.A.R. 21 motion he filed with the CSC.  Mr. Daniel's C.A.R. 21 petition was a challenge to the CCA's failure to rule on the motion for a stay of the appellate proceeding that another inmate had prepared and filed on Mr. Daniel's behalf. The C.A.R. 21 petition did not address the merits of the direct appeal that Mr. Daniel had filed in the CCA, and it was filed by another inmate on Mr. Daniel's behalf.

A Rule 21 petition does not satisfy the requirement that an applicant must exhaust his state court remedies before pursuing a review by the United States Supreme Court. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (internal quotation marks and citations omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The CSC, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. *See Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).

The denial of an original petition for an extraordinary writ by the CSC does not indicate that the court has considered the merits of the argument. *Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996). Accordingly, filing a petition that the CSC, in its discretion, may deny is not sufficient to exhaust state court remedies. *See Allen v. Zavaras*, 568 F.3d 1197, 1202-03 (10th Cir. 2009).

Even though Mr. Daniel did not seek certiorari review of the CCA's decision, for purposes of § 2244(d) the direct appeal was pending for the forty-six days allowed to file a petition for certiorari review (*See* Colo. App. R. 52(b)(3)) (2011), or until January 26, 2010. Nonetheless, only if a prisoner seeks review of the merits of his claims in the state court of last resort is the time for purposes of § 2244(d) tolled for an additional ninety days, the period of time for filing a petition for certiorari with the Supreme Court. *Locke*, 237 F.3d at 1273; Sup. Ct. R. 13.1.

Therefore, because the CSC did not consider the merits of Mr. Daniel's arguments and summarily ordered the C.A.R. 21 petition stricken because another inmate filed the petition on Mr. Daniel's behalf, *see Daniel v. People*, No. 2010SA329 (Colo. Nov. 2, 2010), Mr. Daniel's conviction and sentence became final on January 26, 2010, when the time expired to seek proper certiorari review of the CCA's denial of his direct appeal.

Mr. Daniel does not allege that he was prevented by unconstitutional state action from filing the instant action sooner, that he is asserting a constitutional right newly recognized by the Supreme Court, or that he did not know or could not have discovered through due diligence the factual predicate for his federal constitutional claims at the time he was convicted. Therefore, the Court finds that the one-year limitation expired on January 26, 2011. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law, but "does require some inquiry into relevant state procedural laws." *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents contend that although Mr. Daniel filed his first postconviction motion on December 23, 2010, and a second postconviction motion on January 21, 2011, the state district court struck the filings because they were not filed by Mr. Daniel. Pre-Answer Resp. at 6-7. Respondents further contend that even if this Court finds Mr. Daniel's first two postconviction motions were properly filed and the time is tolled from when they were filed until they were denied, Mr. Daniel's habeas application still is time-barred pursuant to § 2244(d).

Mr. Daniel's first postconviction motion was filed on December 23, 2010; his second postconviction motion was filed on January 21, 2011; and both were dismissed on February 8, 2011. *See* Pre-Answer Resp., Doc. No. 12-1, App. A-1 at 10-11. Even if the Court finds these two motions were properly filed, the time for purposes of § 2244(d) was tolled only from December 23, 2010, the date the first postconviction motion was filed, until March 25, 2011, when the forty-five days expired for Mr Daniel to

7

appeal the denial of the postconviction motions, *see* Colo. App. R. 4(b)(1).  Mr. Daniel

did not file his next postconviction motion until July 13, 2011.  The motion was denied

on August 11, 2011, and Mr. Daniel did not appeal.  Pre-Answer Resp., App. A-1 at 10.

The July 13 postconviction motion, therefore, was pending from July 13, 2011, until

September 26, 2011, when the time expired to file an appeal.

Based on these findings, the time ran from January 27, 2010, the day after Mr.

Daniel's conviction was final, until December 22, 2010, the day prior to when Mr. Daniel

filed his first postconviction motion, a total of 330 days.  The time then ran from March

26, 2011, the day after the time expired to appeal the denial of the first two

postconviction motions, until July 12, 2011, the day prior to when Mr. Daniel filed his

third postconviction motion, a total of 109 days.  Finally the time ran from September 27,

2011, the day after the time expired to appeal the third postconviction motion, until

November 27, 2011, the day prior to when Mr. Daniel filed this action, a total of 62 days.

Altogether, 502 days were not tolled for the purposes of § 2244(d).  The action,

therefore, is time-barred.

In his Reply, Mr. Daniel argues that the statute of limitations under § 2244(d) is

tolled because State action prevented him from filing a sufficient appeal in violation of

the Constitutional or laws of the United States.  Reply, Doc. No. 15, at 7.  He further

contends that his appellate counsel was ineffective in failing to pursue meritorious

appellate issues and claims, to provide him with copies of the State's answer brief and

her reply brief, and to inform him of the CCA's denial of the appeal.  *Id.* at 8.  Mr. Daniel

also asserts that appellate counsel failed to provide him with appellate guidance and

waived his rights to a rehearing and certiorari review.  *Id.*  Mr. Daniel further asserts that

the CCA abused its discretion by disregarding his *pro se* motions for a stay of appellate

proceedings and a request for an evidentiary hearing.  *Id.* at 13-15.

The Court is not persuaded by these arguments for the following reasons. Section 2244(d)(1)(B) only applies in the context of an impediment created by unconstitutional state action.  Mr. Daniel fails to demonstrate the existence of any unconstitutional state action because his appellate attorney is not a state actor when she "perform[s] a lawyer's traditional function[ ] as counsel to a defendant in a criminal proceeding*."  See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Also, ineffective assistance of counsel is "not the type of State impediment envisioned in § 2244(d)(1)(B)." *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005), *aff'd*, 549 U.S. 327 (2007); *cf. Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (allegation of ineffective assistance of counsel on direct appeal does not restart the running of the statute of limitations).

Furthermore, Mr. Daniel's abuse of discretion claim fails to demonstrate that the CCA violated his rights under the Constitution or federal law.  The Tenth Circuit has held that, because there is no constitutional right to a hybrid form of representation, a court need not consider any filings made by a *pro se* litigant who is represented by counsel.  *See United States v. Sandoval-De Lao*, 283 F. App'x 621, 625 (10th Cir. 2008) (citing *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995).  The Court, therefore, finds no basis for statutory tolling under § 2244(d)(1)(B).

As for Mr, Daniel's claim that he pursued his remedies diligently and in good faith by invoking his right to self-representation and that he is "totally innocent," *id.* at 16, the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons, *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Generally, equitable tolling is appropriate if the applicant shows both "that he has been pursuing

his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808.

Furthermore, in order to demonstrate he pursued his claims diligently, the applicant must "allege with specificity 'the steps he took to diligently pursue his federal claims.' " *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

> Whether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of the tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson,* 207 F.3d 773,775 (5th Cir. 2000); *see also, Moore v. Cockrell,* 313 F.3d 880 (5th Cir. 2002) (finding counsel's delay in notifying petitioner of the result of the direct appeal does not constitute a basis for equitable tolling), *cert. denied,* 538 U.S. 969, 123 S. Ct. 1768 (2003); *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."). Mr. Daniel, therefore, has failed to show rare and exceptional circumstances that would justify equitable tolling based on appellate counsel's alleged failure to pursue meritorious appellate claims and to provide him with copies of the State's answer brief and his reply brief, if one was filed.

To the extent, however, that appellate counsel allegedly delayed informing Mr. Daniel about the CCA decision for over four months, "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Woodward v.*

*Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001) (citing *Phillips v. Donnelly*, 216 F.3d

508, 511 (5th Cir.), *amended in part*, 223 F.3d 797 (5th Cir. 2000)).

It is true that the one-year limitation period is subject to equitable tolling when

"serious instances of attorney misconduct" have occurred.  *Holland*, 130 S. Ct. at 2564;

*see also Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (agreeing with other

circuits in a case prior to *Holland* that "sufficiently egregious misconduct on the part of a

habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations

period.").  In *Holland*, the Supreme Court reasoned that equitable tolling may be

appropriate because

> "[counsel] failed to file Holland's federal petition on time despite Holland's
> many letters that repeatedly emphasized the importance of his doing so.
> [Counsel] apparently did not do the research necessary to find out the
> proper filing date, despite Holland's letters that went so far as to identify
> the applicable legal rules.  [Counsel] failed to inform Holland in a timely
> manner about the crucial fact that the Florida Supreme Court had decided
> his case, again despite Holland's many pleas for that information.  And
> [counsel] failed to communicate with his client over a period of years,
> despite various pleas from Holland that [counsel] respond to his letters."

*Holland*, 130 S. Ct. at 2564.

In *Fleming*, the applicant's substantiated allegations that he had been actively

misled by counsel to believe a habeas petition had been prepared and would be filed

were sufficient to warrant an evidentiary hearing to consider whether equitable tolling

was appropriate.  *See id.* at 1256-57.  The applicant in *Fleming* specifically alleged that

he hired counsel nearly a full year before the expiration of the filing deadline, he

contacted counsel several times over the course of the year, counsel repeatedly

reassured him that a petition was being prepared and would be filed, and counsel failed

to file a draft petition the petitioner had submitted until after the time limitation expired.

*See id.*

11

Unlike the substantiated allegations in *Fleming*, Mr. Daniel does not allege that he continuously was misled to believe that counsel was preparing a direct appeal when she actually was not.  Appellate counsel prepared and filed a direct appeal.  Mr. Daniel just was not satisfied with claims counsel chose to raise on appeal.  Appellate counsel's alleged failure to provide Mr. Daniel with a copy of the State's response and possibly her reply does not state sufficiently egregious misconduct on the part of appellate counsel.

Furthermore, the Sixth and Fourteenth Amendments extend the right to counsel only during the trial and first appeal of right.  *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The United States Supreme Court has "rejected suggestions" to "establish a right to counsel on discretionary appeals."  *Hyberg v. Milyard*, 436 F. App'x 843 (10th Cir. 2011) (internal quotation marks omitted) (quoting *Finley*, 481 U.S. at 555; citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel by his retained counsel's failure to file the application timely.").

Even if the Court finds appellate counsel was ineffective in waiting until April 2010 to contact Mr. Daniel about the COA's denial of the appeal in December 2009, Mr. Daniel concedes that he was aware as early as January 19, 2010, when he received a copy of the people's response to his motion for reconsideration, that the CCA had affirmed his conviction.  Reply at 9.  He, however, does not assert that he contacted appellate counsel or the CCA at this time to confirm the disposition of his appeal, but rather he waited until April 17, 2010, to file a *pro se* motion for status of appellate proceeding.  *See* Nov. 28, 2011 Application, Doc. No. 1-2 at 115.  Mr. Daniel's delay of

three months to pursue a proper appeal to the State's highest court does not demonstrate due diligence.

Mr. Daniel, therefore, has failed to demonstrate that equitable tolling is appropriate based on appellate counsel's alleged failure to pursue meritorious appellate issues and claims, to provide him with copies of the State's answer brief and her reply brief, to inform him of the CCA's denial of the appeal, and to provide him with further appellate guidance regarding a rehearing and certiorari review.

Equitable tolling also may be appropriate if the applicant actually is innocent. *See Gibson*, 232 F.3d at 808.  An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court" in *Schlup v. Delo*, 513 U.S. 298 (1995), and *Coleman v. Thompson*, 501 U.S. 722 (1991).  *See Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010).  In the rare and extraordinary case in which a habeas applicant can demonstrate equitable tolling is appropriate on actual innocence grounds, the applicant is not required to demonstrate he diligently pursued the actual innocence claim.  *Lopez*, 628 F.3d at 1230-31. However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Id.* at 327.  The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."  *Id.* at 324.

Mr. Daniel's conclusory reference to actual innocence is not sufficient to justify equitable tolling.  Mr. Daniel does not present any new reliable evidence that was not presented at trial that would demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."  *Schlup*, 513 U.S. at 327.

For all of these reasons, the Court finds no basis for equitable tolling of the one-year limitation period and this action is barred.  Because the action clearly is time-barred the Court will refrain from addressing whether Mr. Daniel has exhausted his state court remedies.

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Daniel files a notice of appeal he must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability shall issue because Mr. Daniel has not made a substantial showing that jurists of reason would find it debatable

whether the procedural ruling is correct and whether the underlying claim has

constitutional merit.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this   22nd   day of   May   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court