IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03093-LTB

ARLUS DANIEL, JR.,

    Applicant,

v.

TRAVIS TRANI, Warden, and
JOHN WILLIAM SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    The matter before the Court is the Motion to Amend, ECF No. 20, that Applicant, Arlus Daniel, Jr., a *pro se* prisoner litigant, filed on June 18, 2012.  Mr. Daniel has filed the Motion pursuant to Fed. R. Civ. P. 59(a)(2) and seeks reconsideration of the Order of Dismissal and the Judgment entered on May 22, 2012.  The Court must construe the Motion liberally because Mr. Daniel is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    The Court finds that the Motion to Reconsider more properly is considered under Rule 59(e) and not Rule 59(a)(2).  Subsection (a) pertains to the granting of a new trial.  Here, the Order of Dismissal was entered without a trial and Mr Daniel's request is to alter or amend the Court's judgment.  For the reasons stated below, the Court will construe the Motion as a Motion to Reconsider filed pursuant to Rule 59(e) and deny the Motion.

Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment.  *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  *See* Fed. R. Civ. P. 59(e).  The Court will consider Mr. Daniel's Motion to Reconsider pursuant to Rule 59 because it was filed within twenty-eight days after the Judgment was entered in this action on April 10.  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are:  (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

Mr. Daniel asserts that the Court misinterpreted the term "finality" when applying the limitation period under AEDPA (Antiterrorism and Effective Death Penalty Act of 1996).  He concludes that because the AEDPA one-year statute of limitations does not

run until the conclusion of all state postconviction proceedings this action is timely. Mr. Daniel also contends that the Court failed to consider all documents filed with the state court that "remotely relate[ ] to the conviction," Mot. at 7, when determining what time was tolled for the purposes of 28 U.S.C. § 2244(d).

As stated in the Court's May 22 Order of Dismissal, under *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001), Mr. Daniel's conviction was final when the time expired to seek certiorari review in the Colorado Supreme Court of the Colorado Court of Appeals' decision on the merits. Mr. Daniel's analysis of finality is without legal basis. With respect to Mr. Daniel's tolling argument, for purposes of § 2244(d) the time is tolled only when a properly filed postconviction motion is pending in state court. The Court fully addressed this issue in the May 22 Order of Dismissal and finds nothing in the Court's disposition of the issue that supports a basis for reconsideration.

Mr. Daniel fails to demonstrate that the Court misapprehended the facts, his position, or the controlling law and that reinstatement of this action is deserving. The Motion to Reconsider, therefore, will be denied. Accordingly, it is

ORDERED that Mr. Daniel's Motion to Amend, ECF No. 20, is construed as a Fed. R. Civ. P. 59(e) Motion to Reconsider and is denied.

DATED at Denver, Colorado, this   20th   day of     June     , 2012.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, Senior Judge
                                          United States District Court